Hudson Bus Transportation Drivers' Association, an unincorporated association, complainant-respondent,

*v.*

Hill Bus Company, a corporation, et al., original defendants-respondents, and Arthur Le Strange et al., intervening defendants-appellants.

[Argued February 9th, 1937. Decided April 30th, 1937.]

*Mr. Abraham J. Isserman* and *Mr. Sol D. Kapelsohn,* for the appellants.

*Mr. Wallace P. Berkowitz,* for the complainant-respondent.

*Mr. Louis J. Messano,* for the defendants-respondents.

The opinion of the court was delivered by

PARKER, J.

The respondent association, complainant below, may for convenience be called a labor union of bus drivers. It contracted in writing on or about May 1st, 1936, to supply drivers to the corporate defendant Hill Bus Transportation Company, of which defendant Capitani was president and the defendant Della Torre superintendent. One of the terms of that contract was that "no man will be permitted to operate a bus who is not a member of the [complainant] association." Pursuant to the contract, complainant furnished member drivers to the Bus Company, but later it transpired that certain of those drivers had joined another union, and they were declared by complainant to have forfeited their membership, and complainant demanded that the Bus Company discharge them. It did so, but later reinstated them; whereupon the union filed the bill in this cause for specific performance and injunction against employing non-member drivers. There was an order to show cause with *ad interim* restraint and directing the *ad interim* employment of member drivers which necessarily involved the discharge of the expelled drivers. These latter applied to intervene in the suit as defendants, for the purpose of raising the issue with complainant union of the legality of their expulsion, by whatever name it may be called; they claiming that the union had no right to forfeit their membership because of their becoming members also of another union. They were admitted as parties, and counter-claimed not only as against the union expelling them, but as against the Bus Company for discharging them. The vice-chancellor; after a hearing on the order to show cause, at which apparently the Bus Company admitted a violation of the contract, held that complainant was entitled as against the Bus Company to the relief prayed by the bill, but that the individual intervening defendants were not entitled to contest the rights of complainant union and the Bus Company *inter sese,* by raising the extraneous issue of wrongful expulsion, and suggested that such rights as they

claimed be asserted in a separate bill; which, as we are informed by counsel, has been filed. Accordingly he advised an interlocutory decree, directing (1) injunction against the Bus Company employing or discharging contrary to the terms of the agreement; (2) striking out the counter-claim of intervenors as against complainant; (3) striking out the counter-claim against the Bus Company; (4) dismissing a petition charging contempt; and (5) a clause relating to cross-examination of two affiants, denying the application, which last is not appealed. What is more important, there is no appeal from the part of the decree striking out the counter-claim as against complainant.

The situation, then, as exhibited by the record seems to be this: The appellants, intervenors below, are denied ⸰the right to try out in this action their quarrel with complainant union, and do not appeal in that regard. They do appeal touching the dismissal of their counter-claim as against the Bus Company. But that counter-claim is necessarily predicated on the assumption that they were unlawfully expelled from the union, which question, for the purposes of this suit, has been adjudged against them and without appeal, but on which, if heard as against the Bus Company, the union would be entitled to a hearing. As a matter of chancery practice and without adverting to other considerations, the case in this aspect is clearly within chancery rule 27, that "the court may order a separate hearing of, *or may strike out,* any cause of action "which cannot be conveniently heard with other causes of action joined in the same suit." These considerations seem controlling of the other phases of the appeal. The contempt matter falls with the counter-claims. The other matter appealed is between the complainant and the original defendant alone, after disposing of the counter-claims. The brief for appellants charges violation of our constitutional bill of rights and of the fourteenth amendment to the federal constitution. Let it suffice to say that we can see no merit in either point.

The decree under review will be affirmed.

*For affirmance*—Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, Wolfskeil, Rafferty, Cole, JJ. 14.

*For reversal*—None.